UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

   -vs-                                                      Case No. 1:24-cr-00551-KWR

MARIO RUDOLFO,

        Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING REQUEST FOR RLEASE FROM CUSTODY

**THIS MATTER** is before the Court on defendant Mario Rudolfo's Motion to Reconsider Order Denying Request for Release from Custody, filed on June 2, 2025. Doc. 90. The United States opposes Mr. Rudolfo's motion. Doc. 91. For the following reasons, the Court DENIES the motion.

On May 16, 2025, Mr. Rudolfo pled guilty to being a felon in possession of a firearm. Docs. 87, 88. In conjunction with his guilty plea, Mr. Rudolfo filed a motion for release pending sentencing, Doc. 83, which the United States opposed, Doc. 84. In the plea agreement, Mr. Rudolfo admitted to the following:

> On or about January 21, 2024, I was outside a residence in Bernalillo County in the District of New Mexico when I had a confrontation with several other individuals. I was holding, and therefore possessed, a Smith & Wesson M&P Bodyguard .45 pistol (serial number NMM7295). Later in the confrontation, I possessed a Micro Draco 7.62 x 39 mm pistol (serial number ROA 22 PMD-3740). I also possessed approximately ten rounds of .45 ammunition and approximately 34 rounds of 9 mm

> ammunition. I have been informed and I do not dispute that the two pistols I possessed were each "firearms" as defined by federal law. Further, I have been informed and do not dispute that neither of the firearms were manufactured in New Mexico, and therefore my possession of these items affected interstate commerce. I have also been informed and do not dispute that the ammunition I possessed was not manufactured in New Mexico and therefore my possession of these items affected interstate commerce. Finally, at the time I possessed these weapons and ammunition, I knew I had previously been convicted of two felony offenses by the State of New Mexico punishable by more than a year each; specifically, attempt to commit murder in the first degree and tampering with evidence.

Doc. 87 at 4–5. The Court denied the motion for release pending sentencing because it found, based primarily on the circumstances of the case to which he had just pled guilty, that Mr. Rudolfo had not met his burden of proving by clear and convincing evidence that he was not a danger to the community. The Court made no explicit ruling as to whether he had met his burden to prove by clear and convincing evidence that he was not a flight risk.

Mr. Rudolfo now asks the Court to reconsider detention because he has learned that his brother is willing to act as a third-party custodian pending sentencing. *See* Doc. 90 at 3. The United States argues that the Court denied Mr. Rudolfo's original motion for release not because there wasn't an appropriate third-party custodian but because of his conduct that led to his pleading guilty to being a felon in possession of a firearm. *See* Doc. 91. In essence, the United States contends that nothing material has changed since the Court denied Mr. Rudolfo's motion for release pending sentencing. *See id.* The Court agrees with the United States.

First, Mr. Rudolfo has not given the Court a reason to reconsider its original detention order. A Court may grant a motion to reconsider only if it has misapprehended the facts or law, a party's position, or to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011). Mr. Rudolfo has made no argument that the Court misapprehended anything at the original detention hearing, or that the Court clearly erred in detaining Mr. Rudolfo, or that release is required to prevent manifest injustice. *See* Doc. 90.

Second, although a judicial officer may reopen a detention hearing, she may do so only if she "finds that information exists that was not known to the movant [Mr. Rudolfo] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Here, although the information about his brother's willingness to serve as third-party custodian may be new, that information does not have a material bearing on whether Mr. Rudolfo poses either a risk of nonappearance or a danger to the community. The Court based its order denying release on Mr. Rudolfo's conduct while he was a felon in possession of a firearm. The proposed third-party custodian does not alter the Court's analysis. In short, Mr. Rudolfo has not submitted sufficient information for the Court to reopen the detention hearing.

**IT IS THEREFORE ORDERED** that defendant Mario Rudolfo's Motion to Reconsider Order Denying Request for Release from Custody (Doc. 90) is denied.

DATED this 18th day of June 2025

_____
Laura Fashing
United States Magistrate Judge