IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                  No. 24-cr-00551-KWR

MARIO RUDOLFO,

        Defendant.

## ORDER AND OPINION OVERRULING DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

THIS MATTER comes before the Court on Defendant Mario Rudolfo's several objections to the presentence report (PSR). Doc. 98. Specifically, Defendant objects to Paragraphs 26, 31, 35, 41, 42, 43, and 74 of the PSR. Doc. 98 at 1–2; Doc. 102 (PSR). The Court concludes that Defendant's objections are not well taken, and therefore, are overruled.

### BACKGROUND

A federal grand jury charged Defendant Mario Rudolfo with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. Doc. 2 at 1 (Indictment). The predicate felonies referenced in the Indictment include two 2004 state court convictions for attempted first-degree murder and tampering with evidence. Doc. 2 at 1. In May 2025, Defendant pleaded guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. Doc. 87 at 3–4. The United States and Defendant entered into

a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement and agreed to a sentencing range of 24 to 36 months in federal prison. Doc. 87 at 1, 5.[1]

Predicate state court felony convictions. In 2001, when Defendant was 16 years old, he and another fired multiple gunshots at a fleeing vehicle following a heated disagreement with its occupants. *See State v. Rudolfo*, 187 P.3d 170, 173 (N.M. 2008); Doc. 98 at 2. The bullets struck three of the vehicle's occupants, wounding two and killing the third. *See id.* A jury convicted Defendant of felony offenses including murder in the first degree, attempt to commit murder in the first degree, shooting at a motor vehicle, and tampering with evidence. Doc. 32, Ex. A. A New Mexico District Court entered a judgment and sentenced Defendant to life in prison plus nineteen and a half years in 2005. Doc. 32, Ex. A.

In June 2008, the New Mexico Supreme Court reversed Defendant's conviction for shooting at a motor vehicle and affirmed the three remaining convictions. Doc. 32, Ex. B; *Rudolfo*, 187 P.3d at 178. One month later, the New Mexico District Court again entered a judgment and sentenced Defendant for his remaining felony convictions (murder in the first degree, attempt to commit murder in the first degree, and tampering with evidence). Doc. 32, Ex. B.

In 2023, the New Mexico Supreme Court vacated Defendant's first-degree murder conviction and remanded the case for a new trial on only the first-degree murder charge. *Rudolfo v. Steward*, 533 P.3d 728, 735 (N.M. 2023). In a footnote, the Court specified that its opinion did not disturb the conviction for attempted murder. *Id*. at 735 n. 1. The district attorney subsequently

---

[1] The guideline imprisonment range calculated in the PSR is 51 to 63 months. Doc. 102, ¶ 74. The Court accepted the plea agreement and imposed a term of imprisonment of 36 months. *See* Doc. 108 (sentencing hearing minutes).

entered a nolle prosequi stating that the prosecutor was dismissing the case without prejudice. Doc. 32, Ex. C.[2]

## DISCUSSION

### I. Legal Standard

A sentence must be procedurally and substantively reasonable. *See United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). "A sentence is procedurally unreasonable if the district court incorrectly calculates or fails to calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, relies on clearly erroneous facts, or inadequately explains the sentence." *Id*. (citing *Gall v. United States,* 552 U.S. 38, 50–51 (2007)).

When a defendant disputes any portion of the PSR, a sentencing court's fact-finding obligation is triggered, and it must either "rule on the dispute" or "determine that a ruling is unnecessary." Fed. R. Crim. P. 32(i)(3)(B); *see also United States v. Chee*, 514 F.3d 1106, 1114–15 (10th Cir. 2008). The government must prove disputed facts by a preponderance of the evidence. *See United States v. Tindall*, 519 F.3d 1057, 1063 (10th Cir. 2008).

### II. Analysis

A. <u>Defendant's prior state convictions for attempted first-degree murder and tampering with evidence are felonies</u>.

The Court overrules Defendant's objection to PSR ¶ 41. This paragraph summarizes Defendant's 2004 criminal convictions for attempted first-degree murder and tampering with evidence. Doc. 102, ¶ 41. While this paragraph does not expressly state that Defendant was tried as an adult, the PSR treats these two prior convictions as felonies. *See* Doc. 102, ¶ 26. In his objection, Defendant argues that his prior felony convictions for attempted murder and tampering

---

[2] In a prior opinion, the Court explained that the nolle prosecui did not affect either the attempted first-degree murder or tampering with evidence convictions. Doc. 43 at 5.

with evidence "should have [automatically] reverted to juvenile adjudications upon the dismissal of the homicide conviction." Doc. 98 at 2, 4–5. Defendant refers to the New Mexico's Children Code, which states that "[a] child fourteen years of age or older, charged with first degree murder, but found to have committed a delinquent act that is neither first degree murder nor a youthful offender offense . . . shall be adjudicated as a delinquent . . . ." N.M. Stat. Ann. § 32A-2-20(H) (2023). Defendant argues that classifying his prior convictions as felonies is now improper because his first-degree murder conviction was vacated, and neither attempted murder nor tampering with evidence are youthful offender offenses. *See* N.M. Stat. Ann. § 32A-2-3(J) (2024).

Even if Defendant would have been tried as a juvenile as an original matter, the Court must recognize these prior convictions as felonies. "A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." *Baker by Thomas v. General Motors Corp.*, 522 U.S. 222, 233 (1998). Once the state district court adjudicated Defendant to have been convicted of attempted first-degree murder (a second-degree felony) and evidence tampering (a fourth-degree felony) and imposed a sentence, the judgment became final. Doc. 32, Ex. B; *see State v. Garcia*, 659 P.2d 918, 923 (N.M. 1983) ("A final judgment in a criminal case is one which either (1) adjudicates the defendant to have been convicted of a criminal offense and imposes [a] sentence or (2) dismisses all of the charges against the defendant."). At no point has a New Mexico court disturbed or questioned these convictions. *See Steward*, 533 P.3d at 735 n. 1 ("This opinion does not disturb [Rudolfo's] convictions for attempted murder . . . .").

Defendant cannot use sentencing proceedings to challenge his prior state court convictions. *See Daniels v. United States*, 532 U.S. 374, 382 (2001) ("[I]f, by the time of sentencing under the ACCA, a prior conviction has not been set aside on direct or collateral review, that conviction is

4

presumptively valid and may be used to enhance the federal sentence."); *Custis v. United States*, 511 U.S. 485, 496–97 (1994) (explaining that there is no "right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel"). Here, Defendant did not (successfully) challenge his convictions for attempted murder or tampering with evidence in a direct appeal or habeas petition.

In sum, Defendant's prior state convictions for attempted first-degree murder and tampering with evidence remain felonies for the purposes of sentencing.

B. <u>Defendant's admissions of fact prevent him from raising objections that require contradictory or inconsistent findings</u>.

As established *supra* section A, Defendant's prior attempted murder and evidence tampering convictions remain felonies. The Court also concludes that, based on the unconditional plea agreement he signed, Defendant waived any objection to the classification of his prior convictions at sentencing. "[A] valid guilty plea relinquishes *any claim* that would contradict the 'admissions necessarily made upon entry of a voluntary plea of guilty.'" *Class v. United States*, 583 U.S. 174, 183 (2018) (citing *United States v. Broce*, 488 U.S. 563, 573–74 (1989)) (emphasis added); *see also United States v. Barnes*, 141 F.4th 1156, 1161 (10th Cir. 2025); *United States v. Pittman*, 125 F.4th 527, 530–31 (4th Cir. 2025) (explaining that "the most basic function of a guilty plea" is for a defendant to "admit[] that his conduct violated the statute"). "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(c)(3). Under 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt that the "defendant was convicted of a felony," *United States v. Shunk*, 881 F.2d 917, 921 (10th Cir. 1989), and that "the defendant . . . knew he was a felon when he possessed the firearm," *Greer v. United States*, 593 U.S. 503, 505–06 (2021) (citing *Rehaif v. United States*, 588 U.S. 225, 235–37 (2019)). To establish the factual basis for the plea, Defendant admitted that "at

5

the time [he] possessed [the] weapons and ammunition, [he] knew [that he] had previously been convicted of two felony offenses by the State of New Mexico punishable by more than a year each," including "attempt to commit murder in the first degree and tampering with evidence." Doc. 87 at 5 (Defendant's admission of facts). But Defendant now argues that he was not actually a felon at the time he committed the present crime. *See* Doc. 98 at 4–5. This plainly contradicts (or, at a minimum, is inconsistent with) Defendant's admissions in his guilty plea, and as a result, he relinquished any objection based on this argument.

The guilty plea also contains an express waiver of his objection to the classification of his prior convictions as felonies. After Defendant's admission of facts, the plea agreement states that "[t]he Defendant agrees that the Court may rely on any of these facts [contained in his admission of facts] . . . to determine the Defendant's sentence." Doc. 87 at 5. The Court finds that Defendant, by making this statement, waived objections to sections of the PSR that simply restate his admissions of fact, which includes Paragraph 41.

C. <u>Defendant's objections to the PSR's offense level and guideline range calculations are overruled</u>.

The Court overrules Defendant's remaining objections to the PSR. Defendant's objections to the PSR's offense level and guideline range calculations are rooted in the application of USSG § 2K2.1(a)(3), Doc. 102, ¶ 26, which sets the base offense level at 22 when "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence."[3] Defendant argues that his convictions for attempted first-degree murder and tampering with evidence are not felony convictions under the Guidelines.

---

[3] Defendant does not dispute that the present offense involved a "firearm described in 26 U.S.C. § 5845(a)." USSG § 2K2.1(a)(3); *see also* Doc. 87 at 4–5.

Defendant's attempted first-degree murder and tampering with evidence convictions qualify as felony convictions under the Guidelines. A "felony conviction" is a "prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." USSG § 2K2.1 (application note 1). "A conviction for an offense committed prior to age eighteen years is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." Here, both attempted first-degree murder and tampering with evidence are punishable by imprisonment for a term exceeding one year. *See* N.M. Stat. Ann. § 30-28-1(A) (2024) (classifying attempted first-degree murder as a second-degree felony); N.M. Stat. Ann. § 30-22-5 (2003) (classifying tampering with evidence as a fourth-degree felony where the underlying crime is a third- or fourth-degree felony); N.M. Stat. Ann. § 31-18-15(A) (2024) (listing basic sentences of imprisonment for non-capital felonies). These convictions are also properly classified as adult convictions. Defendant does not dispute that he was proceeded against as an adult when he was convicted of these crimes. *See* USSG § 2K2.1 (application note 1) ("[A] federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult."). Defendant does not contend that he was unlawfully tried as an adult in 2004. And at no point has any court altered or amended his first-degree murder or tampering with evidence convictions or ordered that those offenses be retried as juvenile offenses.

In conclusion, Defendant's convictions qualify as "felony convictions" under the Sentencing Guidelines, and therefore, the PSR did not incorrectly calculate his offense level using USSG § 2K2.1(a)(3) or incorrectly compute his criminal history. Doc. 102, ¶¶ 26, 31, and 35

(offense level calculation); Doc. 102, ¶¶ 42–43 (criminal history computation); Doc. 102, ¶ 74 (guideline imprisonment range).

## CONCLUSION

Accordingly, the Court overrules Defendant's objections to PSR Paragraphs 26, 31, 35, 41, 42, 43, and 74. Doc. 98.

**It is SO ORDERED**.

                                                      /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE